**FEDERAL PUBLIC DEFENDER**
EASTERN DISTRICT OF VIRGINIA
701 East Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (main)
(804) 565-0881 (attorney direct)
1(804) 800-4214 (e-fax)

**Geremy C. Kamens**                                                          **Laura J. Koenig**
**Federal Public Defender**                          **Assistant Federal Public Defender**

December 20, 2023

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, VA  23219

> Re:    **United States v. Okello T. Chatrie, No. 22-4489 (argued Dec. 8, 2023),**
>           **Letter under Fed. R. App. P. 28(j)**

Dear Ms. Anowi:

Appellant Chatrie notifies the Court that on Tuesday, December 12, 2023, Google announced it will no longer store Location History data on its servers, moving it directly onto users' personal devices instead. *See* Marlo McGriff, *Updates to Location History and new controls coming soon to Maps*, Google: The Keyword (Dec. 12, 2023), http://tinyurl.com/rbzypvph. If a user backs-up this data on Google's servers, it will be unreadable by Google. *Id.*; *cf. United States v. Townsend*, 886 F.3d 441, 444 (4th Cir. 2018) (recognizing that appellate court may take judicial notice of fact not reasonably in dispute). Once this process is complete, Google will no longer have access to Location History data and will be incapable of responding to geofence warrants. *Id.; see also* Davey Alba, *Google Will Stop Telling Law Enforcement Which Users Were Near a Crime*, Bloomberg (Dec. 14, 2023), http://tinyurl.com/2xcbz7mr; Chris Velazco, *Google is rolling out new protections for our location data*, Wash. Post (Dec. 14, 2023), http://tinyurl.com/3ndvdbfr; Zach Wittaker, *Google moves to end geofence warrants, a surveillance problem it largely created*, TechCruch (Dec. 16, 2023), http://tinyurl.com/54v8h8m2.

Google's announcement is consistent with its position, and Mr. Chatrie's, that Location History  belongs to users and is not a Google business record.  JA131, JA138, JA374, JA1330, JA1555.  Because Location History is the user's digital property, the government must get a warrant to search it.  *See* Op. Br. (Doc. 22) at 14 n.3; Reply Br. (Doc. 48) at 11-13; *cf. Riley v. California*, 573 U.S 373, 397 (2014) ("Cell phone users often may not know whether particular information is stored on the device or in the cloud, and it generally makes little difference.").

Google's announcement does not lessen the importance of reaching a merits decision in this case, which is the first of many working through the courts. Google has received thousands of geofence warrants since 2016, comprising more than a quarter of the warrants it receives. JA1343-1344. Additionally, police continue to send geofence warrants to other companies. Lower courts and police need guidance from this Court.

Appellant Chatrie welcomes any supplemental briefing on this issue that the Court may order.

Respectfully,

_____/s_____.
Laura J. Koenig
Assistant Federal Public Defender


_____/s_____.
Michael Price
Litigation Director
NACDL Fourth Amendment Center