No. 22-4489

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff–Appellee*,

v.

OKELLO T. CHATRIE,

*Defendant–Appellant*.

On Appeal from the United States District Court
for the Eastern District of Virginia
Richmond Division (The Honorable M. Hannah Lauck)

**MOTION FOR LEAVE TO FILE BRIEF OF
*AMICI CURIAE* AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA, AND
ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF
DEFENDANT–APPELLANT'S PETITION FOR REHEARING *EN BANC***

Jake Karr
TECHNOLOGY LAW AND POLICY CLINIC
NEW YORK UNIVERSITY SCHOOL OF LAW
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6042
jake.karr@nyu.edu

Nathan Freed Wessler
Brett Max Kaufman
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org

*Additional Counsel for* Amici Curiae *Listed on Following Page*

Andrew Crocker  
Jennifer Lynch  
ELECTRONIC FRONTIER FOUNDATION  
815 Eddy Street  
San Francisco, CA 94109  
(415) 436-9333  
andrew@eff.org  

Jennifer Stisa Granick  
AMERICAN CIVIL LIBERTIES UNION  
    FOUNDATION  
39 Drumm Street  
San Francisco, CA 94111  
(415) 343-0758  
jgranick@aclu.org  

Matthew W. Callahan  
Eden B. Heilman  
AMERICAN CIVIL LIBERTIES UNION  
    FOUNDATION OF VIRGINIA  
P.O. Box 26464  
Richmond, VA 23261  
(804) 523-2146  
mcallahan@acluva.org  

*Counsel for* Amici Curiae

# RULE 26.1 DISCLOSURE STATEMENT

Pursuant to FRAP 26.1 and Local Rule 26.1, *Amici* American Civil Liberties Union, American Civil Liberties Union of Virginia, and Electronic Frontier Foundation make the following disclosure:

1. The *amici* are non-profit entities with no parent companies.

2. No publicly held corporation owns ten percent or more of any stake or stock in any of these three entities.

3. The *amici* are unaware of any publicly held corporation or entity that has a direct financial interest in the outcome of the litigation.

4. This case does not arise out of a bankruptcy proceeding or criminal case.

Dated: August 29, 2024                                    Respectfully submitted,

/s/ *Nathan Freed Wessler*
Nathan Freed Wessler

*Counsel for* Amici Curiae

# INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 29(b), the American Civil Liberties Union, American Civil Liberties Union of Virginia, and Electronic Frontier Foundation respectfully move for leave to file the accompanying Brief of *Amici Curiae* in Support of Defendant–Appellant's Petition for Rehearing *En Banc*. Counsel for all parties have been informed of the intended filing of this motion. Defendant–Appellant Chatrie consents, and Plaintiff–Appellee United States does not object, to the filing of the accompanying *amici* brief.

# INTEREST OF *AMICI CURIAE*

The American Civil Liberties Union ("ACLU"), ACLU of Virginia, and Electronic Frontier Foundation have a longstanding commitment to the protection of privacy as guaranteed by the Fourth Amendment. *Amici* submitted briefs during panel consideration of this appeal.

The ACLU is a nationwide, non-profit, non-partisan organization dedicated to defending the principles of liberty and equality embodied in the Constitution and our nation's civil rights laws. The ACLU of Virginia is a state affiliate of the ACLU. The protection of privacy as guaranteed by the Fourth Amendment, and the preservation of longstanding remedies for violations of that guarantee, are of special concern to *amici*.

The Electronic Frontier Foundation ("EFF") is a non-profit organization that has worked for more than 30 years to ensure technology supports freedom, justice, and innovation for all people. With over 30,000 dues-paying members, EFF represents the interests of technology users in court cases and policy debates concerning the application of law in the digital age. EFF regularly participates as *amicus*, in this Court and other federal courts, in cases concerning Fourth Amendment rights in the digital age, including *Carpenter v. United States*, 585 U.S. 296 (2018), *United States v. Jones*, 565 U.S. 400 (2012), *Leaders of a Beautiful Struggle v. Baltimore Police Department*, 2 F.4th 330 (4th Cir. 2021), *United States v. Bosyk*, 933 F.3d 319 (4th Cir. 2019), and *United States v. Kolsuz*, 890 F.3d 133 (4th Cir. 2018).

**REASONS FOR AND RELEVANCE OF *AMICI CURIAE* PARTICIPATION**

*Amici* would aid the Court by elucidating two reasons why this case warrants rehearing *en banc*. First, the proposed brief argues that the panel majority's opinion conflicts with the Supreme Court's decision in *Carpenter v. United States*. The panel majority held that the government's geofence request was not a Fourth Amendment search because the location data it revealed covered hours, not days, and because it believed the data had been voluntarily shared by phone users with Google. But the majority disregarded *Carpenter*'s animating principle—that courts must "assure . . . preservation of that degree of privacy against government that existed when the

3

Fourth Amendment was adopted," 585 U.S. 296, 305 (2018) (quoting *Kyllo v. United States*, 533 U.S. 27, 34 (2001))—and it misinterpreted the Court's discussion of voluntariness.

Second, the proposed brief emphasizes that this case presents novel constitutional questions of exceptional importance, but the panel majority failed to account for the alarming and sweeping consequences of its ruling. The case involves a powerful and fundamentally new capability: here, police instantaneously summoned a list of everyone located within a 17.5-acre area during a one-hour period—including inside closed spaces not open to public view—along with their geolocation coordinates. JA1351. Geofence searches sweep up the location history of innocent individuals, implicating their First Amendment and reproductive rights and contributing to the over-policing of marginalized communities. Such digital dragnets are, moreover, one type of "reverse search," increasingly common tools that enable law enforcement access to massive amounts of personal and invasive information beyond the location data at issue here, including what we search for, read, and watch online. The proposed brief submits that the *en banc* Court should rehear this case and issue a ruling that coheres with *Carpenter*, establishes proper Fourth Amendment guardrails for geofence searches, and provides guidance for future courts assessing all kinds of reverse searches.

4

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that the Court grant this motion for leave to file the accompanying brief.

Dated: August 29, 2024

Jake Karr
TECHNOLOGY LAW AND POLICY CLINIC
NEW YORK UNIVERSITY SCHOOL OF LAW
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6042
jake.karr@nyu.edu

Andrew Crocker
Jennifer Lynch
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
andrew@eff.org

Respectfully submitted,

/s/ *Nathan Freed Wessler*
Nathan Freed Wessler
Brett Max Kaufman
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org
Jennifer Stisa Granick
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
39 Drumm Street
San Francisco, CA 94111
(415) 343-0758
jgranick@aclu.org

Matthew W. Callahan
Eden B. Heilman
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF VIRGINIA
P.O. Box 26464
Richmond, VA 23261
(804) 523-2146
mcallahan@acluva.org

*Counsel for* Amici Curiae

5

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, according to the word-processing system used to prepare the motion, it contains 655 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, Times New Roman, in 14-point font.

Dated: August 29, 2024                                        Respectfully submitted,

                                                              /s/ *Nathan Freed Wessler*
                                                              Nathan Freed Wessler

                                                              *Counsel for* Amici Curiae

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing on August 29, 2024 with the Clerk of the U.S. Court of Appeals for the Fourth Circuit via the Court's CM/ECF system.

I further certify that counsel for all parties will be electronically served via the Court's CM/ECF system.

Dated: August 29, 2024                Respectfully submitted,

/s/ *Nathan Freed Wessler*
Nathan Freed Wessler

*Counsel for* Amici Curiae

7