No. 22-4489

# In the United States Court of Appeals for the Fourth Circuit

United States of America,

*Plaintiff-Appellee,*

v.

Okello T. Chatrie,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Eastern District of Virginia at Richmond
No. 3:19-cr-00130-MHL-1; Hon. M. Hannah Lauck

**MOTION FOR LEAVE TO FILE BRIEF OF PROJECT FOR PRIVACY & SURVEILLANCE ACCOUNTABILITY, INC., AS *AMICUS CURIAE* SUPPORTING DEFENDANT-APPELLANT AND PETITION FOR REHEARING *EN BANC***

Gene C. Schaerr
Erik S. Jaffe
Aaron C. Ward
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Amicus Curiae*

August 29, 2024

Pursuant to Federal Rule of Appellate Procedure 29(b), Project for Privacy & Surveillance Accountability, Inc. moves for leave to file the accompanying Brief of *Amicus Curiae* Supporting Defendant-Appellant and Petition for Rehearing *En Banc*.

Counsel for all parties have been informed of the intended filing of this motion. Defendant-Appellant Chatrie consents, and Plaintiff-Appellee United States does not object, to the filing of the accompanying *amicus* brief.

## INTERESTS OF *AMICUS CURIAE*

*Amicus Curiae* Project for Privacy & Surveillance Accountability, Inc. (PPSA), is a nonprofit, nonpartisan organization dedicated to protecting privacy rights and preventing government overreach, particularly from high-tech surveillance. Geofence warrants are a particularly intrusive form of such surveillance raising significant Fourth Amendment concerns, and PPSA writes to offer its expertise on this issue.

## REASONS FOR PERMITTING THE *AMICUS* BRIEF

The concurrently filed brief explains the incompatibility of warrantless geofence data seizures—even for relatively short windows of time, as approved by the panel decision—with the principles set forth by *United States v. Carpenter*, 585 U.S. 296 (2018), particularly *Carpenter*'s emphasis on Founding-era expectations of privacy.

*Amicus'* participation is desirable because this case presents a significant and novel Fourth Amendment issue, and *Amicus* will address arguments not fully explored by the parties regarding both the merits of the panel decision and the necessity for granting *en banc* review. *Amicus* will also emphasize foreseeable technological developments that could bear upon the privacy implications of the rule announced in this case. The brief also discusses the circuit split of which the decision below is a part. This warrants granting the motion, as Rule 29 provides a lenient standard and "discuss[ing] matters that are 'relevant to the disposition of the case'" is sufficient to satisfy it. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 129 (3d Cir. 2002) (quoting Fed. R. App. P. 29(b)).

## CONCLUSION

For the foregoing reasons, the Court should grant the motion for leave to file the *amicus* brief of Project for Privacy & Surveillance Accountability, Inc.

August 29, 2024　　　　　　　　　　Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr
Erik S. Jaffe
Aaron C. Ward
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because it contains 327 words, excluding the portions exempted by the rules. The motion's typesize and typeface comply with Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook, 14-point font.

Dated: August 29, 2024

*/s/ Gene C. Schaerr*
Gene C. Schaerr