**FEDERAL PUBLIC DEFENDER**
EASTERN DISTRICT OF VIRGINIA
701 East Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (main)
(804) 565-0881 (attorney direct)
1(804) 800-4214 (e-fax)

**Geremy C. Kamens**
Federal Public Defender

**Laura J. Koenig**
Assistant Federal Public Defender

January 21, 2025

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, VA 23219

      Re:    *United States v. Okello T. Chatrie*, No. 22-4489 (argument scheduled for January 30, 2025), Letter Under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

      Appellant Chatrie notifies the Court that on January 14, 2025, the Fifth Circuit Court of Appeals denied the government's petition for rehearing en banc in *United States v. Smith*. Ex. 1, Opinion on Petition for Rehearing En Banc, No. 23-60321 (5th Cir. Jan. 14, 2025). *Smith* is a geofence case, like *Chatrie*, involving a similar constitutional challenge to the warrant.

      The Fifth Circuit panel found that individuals have an expectation of privacy in their Google Location History data and held that "geofence warrants are modern-day general warrants" that are unconstitutional under the Fourth Amendment. *United States v. Smith*, 110 F.4th 817, 840 (5th Cir. 2024). The government petitioned for rehearing and Mr. Smith filed a response at the court's direction. No judge requested that the court be polled, and the Fifth Circuit denied the petition.

      Appellant Chatrie also notifies the Court that X Corp. (formerly Twitter) filed an amicus brief in support of Mr. Smith's opposition to rehearing, arguing that *Carpenter* extends to geofence warrants and that "'third parties' like Google and X . . . should not be coerced into helping governments undermine [their] users' privacy and property rights through an end run around the Fourth Amendment." Ex. 2, Amicus Br. of X Corp. at 4, *United States v. Smith*, No. 23-60321 (5th Cir. Dec. 31, 2024).

      Finally, Appellant Chatrie notifies the Court that the government, in response to a post-argument inquiry in *Smith*, conferred with Google to provide an update on the changes that the company has made to the way Location History data is stored. Ex. 3, Gov. Br. at 3, *United States*

1

*v. Smith*, No. 23-60321 (5th Cir. Apr. 18, 2024). The government stated that, as of April 2024, it is "still seeking geofences," but that "the migration of Location History from Google's servers to users' devices has been underway for the past several months, and Google currently anticipates that this migration will be complete within the next several months." *Id.* Accordingly, "[o]nce this migration is complete, Google states that it will be unable to respond to geofence warrants." *Id.*

                                                                       Respectfully,

                                                                       /s/
                                                                      Laura J. Koenig
                                                                      Assistant Federal Public Defender

                                                                       /s/
                                                                      Michael Price
                                                                      Litigation Director
                                                                      NACDL Fourth Amendment Center