**FEDERAL PUBLIC DEFENDER**
EASTERN DISTRICT OF VIRGINIA
701 East Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (main)
(804) 565-0881 (attorney direct)
1(804) 800-4214 (e-fax)

**Geremy C. Kamens**                                                       **Laura J. Koenig**
Federal Public Defender                                    Assistant Federal Public Defender

February 24, 2025

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, VA 23219

    Re:    *United States v. Okello T. Chatrie*, **No. 22-4489, Fed. R. App. P. 28(j) Letter**

Dear Ms. Anowi:

    Appellant Chatrie notifies the Court that on February 13, 2025, the United States District Court for the Eastern District of Oklahoma fully adopted the report and recommendation of Magistrate Judge Jason A. Robertson in *United States v. Fuentes*, No. 6:21-CR-00358, 2025 WL 484628 (E.D. Okla. Feb. 13, 2025) (Exhibit 1), finding a geofence warrant unconstitutional and declining to apply the good-faith exception.

    *Fuentes* involves a geofence warrant used in a "hit and run" investigation on the Cherokee Nation Indian Reservation. *Id.* at *1. Ms. Fuentes moved to suppress the fruits of that warrant and, following an evidentiary hearing, Magistrate Judge Robertson recommended that the motion be granted and all evidence derived from the warrant be suppressed. *United States v. Fuentes*, No. 6:21-CR-00358-RAW, slip op. at *26 (E.D. Okla. Sept. 3, 2024) (Exhibit 2).

    In a 27-page opinion, the court first found an expectation of privacy in Location History data, describing it as "striking[ly]" similar to the cell cite location information in *Carpenter v. United States*, 585 U.S. 296 (2018), and following the Fifth Circuit in *United States v. Smith*, 110 F.4th 817, 833 (5th Cir. 2024). Ex. 2 at *21. Notably, the court concurred that the opt-in process for Location History is "hardly informed" and "may not even be voluntary." *Smith*, 110 F.4th at 835; Ex. 2 at *22 (citing *Smith*).

    Furthermore, the court recognized that the warrant required Google to search 592 million users "without any direction toward a particular person," and that such "aimless searching" is the "hallmark of a general warrant." *Id*. at *24. As a result, the court not only found the warrant unconstitutional, but also declined to apply the good-faith exception. *Id*. at *26. The court reasoned

that the investigating officer misrepresented his "training and experience," failed to include relevant information, and that the affidavit "lacked probable cause on its face." *Id.* In short, "no facts were presented...to remove the Search Warrant from the ominous shadow of a general warrant." *Id*.

Respectfully,

/s.
Laura J. Koenig
Assistant Federal Public Defender

/s.
Michael Price
Litigation Director
NACDL Fourth Amendment Center
