# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 22-4489**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**OKELLO T. CHATRIE** | **Motion of the United States for a 21-Day Extension of Briefing Deadline** |

The United States of America hereby moves the Court pursuant to Federal Rule of Appellate Procedure 26(b) for a 21-day extension of time in which to file its supplemental brief and, in support thereof, shows unto the Court the following:

1. Following a guilty plea, Okello T. Chatrie was convicted on one count of armed robbery of a credit union, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). He appealed, challenging the district court's denial of his motion to suppress evidence that the government obtained pursuant to a geofence warrant. A divided panel of this Court affirmed, holding that "the government did not conduct a search when it obtained two hours' worth of Chatrie's location information." ECF 63 at 3. This Court granted rehearing en banc and affirmed the judgment of the district court in a

one-sentence per curiam opinion, with eight concurring opinions and a solo dissent. ECF 109.

2. On June 29, 2026, the Supreme Court vacated and remanded the judgment of this en banc Court. In its opinion in this case, the Supreme Court held "that police officers invade a cell-phone user's reasonable expectation of privacy when they access his Location History," directed this Court to decide whether the geofence warrant in this case "satisfied the Fourth Amendment's requirements of particularity and probable cause," and noted that this Court "may now consider anew, after review of our opinion, how the good-faith exception applies here." *Chatrie v. United States*, 146 S. Ct. 2193, 2204 n.4, 2215, 2216 (2026).

3. On July 16, 2026, this Court issued an order directing the parties to file supplemental briefs "addressing the course this court should take pursuant to the Supreme Court's remand." ECF 118. Chatrie's supplemental brief was originally due on July 30, 2026, and the government's supplemental brief was originally due on August 13, 2026. ECF 118. Chatrie sought and received a 32-day extension of the deadline for his supplemental brief, to and including August 31, 2026, and he filed a 30-page supplemental brief on that date. ECF 119, 120, 123.

4. The government's supplemental brief is currently due to the Court on September 14, 2026. This is the government's first request for an enlargement of time in which to file its supplemental brief.

5. Although undersigned counsel is working diligently on this case, additional time is required to research the legal issues involved and draft a supplemental brief that responds to the Court's order and the arguments raised in Chatrie's supplemental brief in a manner that will best assist the Court. Undersigned counsel also anticipates needing additional time to facilitate multiple government components' review of the supplemental brief.

5. This request is not made for the purpose of delay, but to ensure that the government has sufficient time to complete and finalize a well-edited and well-researched supplemental brief that is helpful to the Court.

6. Defense counsel does not oppose the requested extension.

WHEREFORE, the United States respectfully requests a 21-day extension of time to respond to Defendant's opening brief, which will result in a deadline of October 5, 2026.

Respectfully submitted this 3rd day of September, 2026.

By: /s/ Nathan Judish
Nathan Judish
Senior Counsel, Computer Crime and
Intellectual Property Section
Criminal Division
U.S. Department of Justice
1301 New York Ave., NW
Washington, D.C. 20530
Tel.: (202) 616-7203
nathan.judish@usdoj.gov

# CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this document meets the type-volume limits of Rules 27(d) because, exclusive of the portions of the document exempted by Rule 32(f), this document contains 568 words.

2. Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using fourteen-point *Calisto MT*, a proportional-width typeface.

*/s/* Nathan Judish
Nathan Judish
Senior Counsel, Computer Crime and
Intellectual Property Section
Criminal Division
U.S. Department of Justice